Ms. Sherry Gilbert, Sponsor
2413 Whitetail Lane Benton, Arkansas 72019
Dear Ms. Gilbert:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a proposed initiated measure.
Under the provisions of A.C.A. § 7-9-107, you are required to submit three items to the Attorney General: (1) a proposed popular name for the proposed initiated act; (2) a proposed ballot title for the proposed measure; and (3) the text of the proposed measure itself. I am required to review your proposed popular name and ballot title, along with the text of the proposed measure, for the purpose of assuring that the popular name and ballot title that appear on the ballot accurately and fairly reflect the substance of the proposed measure. You have not submitted all of the required items. I am therefore unable to perform my statutory duty with regard to your proposal.
I suggest that you re-submit, including all of the required items. When I have received these items, I will be happy to perform my duty in an expeditious manner.
I should note in addition that the text of your measure raises constitutional issues that would likely cause serious grounds for concern in the mind of a reasonable voter and that should consequently be disclosed in whatever ballot you determine to submit. The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give *Page 2 
the voter serious ground for reflection, it must be disclosed."Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990);Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). In the present case, you propose to amend the Arkansas Constitution to preclude any compulsory program of national health care — an amendment based primarily upon the provisions of the Tenth Amendment to the United States Constitution, which reserves to the states whatever powers are not enumerated in the United States Constitution as residing in the federal government. It is problematic, however, that the Commerce Clause of the United States Constitution, U.S. Const. art. 1, § 8. cl. 3, as well as the Spending Clause, U. S. Const., Art. I, § 8, cl. 1, likely empower Congress to enact a mandatory program of universal health care. See Mark A. Hall, O'Neill Institute for National and Global Health Law, Legal Solutions inHealth Reform: The Constitutionality of Mandates to Purchase HealthInsurance, www.oneillinstitute.org (last visited October 14, 2009) which offers the following analysis:
 Congress's Authority to Regulate Commerce: The federal government has the authority to legislate a health insurance mandate under the Commerce Clause of the United States Constitution. A federal mandate to purchase health insurance is well within the breadth of Congress' power to regulate interstate commerce. Congress can avoid legal challenges related to the 10th Amendment and states' rights by preempting state insurance laws and implementing the mandate on a federal level. If Congress wants states to implement a federal mandate, it has the following two options:
 Conditional Spending: Congress may condition federal funding, such as that for Medicaid or public health, on state compliance with federal initiatives.
 Conditional Preemption: Congress may allow states to opt out of complying with direct federal regulation as long as states implement a similar regulation that meets federal requirements. *Page 3 
 Congress's Authority to Tax and Spend for the General Welfare: Congress also has the authority to legislate a health insurance mandate under its Constitutional authority to tax and spend. There are no plausible Tenth Amendment and states' rights issues arising from Congress's taxing and spending power. However, Congress' taxation power cannot be used in a way that burdens a fundamental right recognized in the Constitution's Bill of Rights and judicial interpretations by the U.S. Supreme Court. Since there is no fundamental right to be uninsured, no fundamental rights challenge exists.
Without at this point speculating as to the accuracy of this commentator's conclusions, I will merely note that the question of whether the Commerce Clause trumps what might otherwise have been a state's rights under the Tenth Amendment appears to be quite legitimate. Indeed, if that is in fact the case, your proposed constitutional amendment, if adopted, would be invalid in the face of any eventual federal legislation. Accordingly, it may be that any ballot title you propose should acknowledge this constitutional tension, which might give a voter serious grounds for reflection.
Sincerely,
DUSTIN McDANIEL Attorney General